UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARIO V.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Frank BISIGNANO,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-0004-AGS<br><br>**ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 16)** |

Under 42 U.S.C. § 406(b), plaintiff's counsel seeks "$36,000.00" in attorney's fees, offset by $1609.79 in EAJA fees. (ECF 16, at 5). This request represents about 17.58% of plaintiff's past-due benefits, which total "$204,710.00." (ECF 16, at 1.) Plaintiff has not objected, and the government does not oppose. (ECF 17, at 5.)

"[W]hen a court 'renders a judgment favorable to a claimant who was represented before the court by an attorney,' the court may award a 'reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . .'" *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)). Courts determining § 406(b) fee awards must respect "the primacy of lawful attorney-client fee agreements," "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (cleaned up). "Within the 25 percent boundary," "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 1148. Factors the courts may consider when assessing reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsels regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-cv-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021) (citing *Crawford*, 586 F.3d at 1148).

Plaintiff agreed to pay his attorney "25% of past-due benefits" in the event of a favorable award. (ECF 16-2, at 1). This bargained-for percentage is presumptively valid. See *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–808 (2002). Counsel invested resources on contingency and successfully achieved remand for plaintiff's case. (ECF 16-1.) There is no evidence that counsel engaged in any dilatory conduct; to the contrary, counsel achieved plaintiff's favorable decision in only 14.2 hours of attorney time, which is imminently reasonable. (*See* ECF 16-4); *Costa v. Commissioner of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "twenty to forty hours is the range most often requested and granted in social security cases").

Although counsel's requested effective hourly rate of "$2,535.21" is high (*see* ECF 16, at 4), it is not grossly outside the norm of what courts often approve. *See Kazanjian v. Astrue*, No. 09 Civ. 3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding "$48,064" for "19.75 hours" of work, an effective hourly rate of $2,433); *Theresa Y. v. O'Malley*, No. 21-CV-0814-AGS, 2025 WL 1265863, at *1–2 (S.D. Cal. May 1, 2025) (awarding "$45,516.25" in fees for "18.9 hours" of work, yielding an effective hourly rate of $2,050.58). Moreover, counsel preemptively reduced the attorney's fees to 17.58% of the total past-due benefits, instead of requesting the agreed-upon 25%. (ECF 16, at 1; ECF 16-2, at 1.)

When a valid attorney-client fee arrangement exists, the fee statute is not meant to displace that agreement, but to act as a check on the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 793. Since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). The Court concludes that "the requested fees" are reasonable and plaintiff's counsel should not be penalized for efficiency. *See Crawford*, 586 F.3d at 1151.

Counsel's unopposed request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $36,000.00 out of plaintiff's past-due benefits. Counsel must

reimburse plaintiff the $1,609.79 EAJA fees already paid. (See ECF 12, at 1); *see also Gisbrecht*, 535 U.S. at 796 (noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated: June 12, 2025

_____
Andrew G. Schopler
United States District Judge